UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| THE NEW YORK TIMES COMPANY, STEVE EDER, TAWNELL HOBBS, HANNAH DREIER, and ALEX WALTERS,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,<br><br>Defendant. | **COMPLAINT** |

Plaintiffs THE NEW YORK TIMES COMPANY, STEVE EDER, TAWNELL HOBBS, HANNAH DREIER, and ALEX WALTERS (collectively, "The Times"), by and through their undersigned attorneys, allege as follows:

1.    This is an action under the Freedom of Information Act, 5 U.S.C. § 552 *et seq.* ("FOIA"), to obtain an order for the production of agency records from U.S. Immigration and Customs Enforcement ("ICE") in response to eleven separate FOIA requests made by The Times.

2.    Several of the requests at issue seek copies of certain forms compiled by ICE that are intended to enable parents slated for deportation to make known their wishes about what will happen to their minor children and to enable ICE to weigh the interests of the children, their legal guardianship status, and the practical impacts of parental removal against the administration's immigration enforcement priorities. The other requests seek specified communications sent by or to ICE regarding the treatment and custody of children.

3.    The treatment of children amidst the current administration's immigration crackdown has become a major political issue. The Brookings Institute has estimated that

approximately 145,000 children of have been separated from their parents and that "roughly three-quarters of those children . . . are likely U.S. citizens." Miriam Jordan and Jeff Adelson, *Over 100,000 Family Separations in Deportation Push, Report Estimates*, N.Y. Times (May 18, 2026), https://www.nytimes.com/2026/05/18/us/brookings-institution-report-family-separations.html (estimating that the total is likely around 145,000 children). Through various procedures, including use of the forms and communications sought in the FOIA requests at issue here, ICE is supposed to facilitate appropriate care arrangements for these children. In reality, according to Brookings, ICE and the Department of Homeland Security are "not consistently asking about children," and often "detainees [are] fearful of revealing [their] children [because they are] worried about putting them or their caregivers at risk." *Id.* The result is that "children are often left in the care of older siblings or working-class families already grappling with financial hardship and precarious immigration statuses, making these arrangements ultimately unsustainable, experts say." *Id.*

4.　　　The release of these forms would obviously shed light on "what the[] government is up to," *Dep't of Justice v. Reporters Comm. for Freedom of Press*, 489 U.S. 749, 773 (1989), on one of the most important and consequential political and humanitarian issues of the day. Nevertheless, ICE has taken every opportunity to hide these records from public view – to keep the public from understanding how ICE treats families, whether it follows its own procedures and protocols, and how many families are affected. ICE has refused to respond to many of The Times's requests at all. For those requests to which ICE has responded, ICE has acknowledged that the requested records exist, but it has refused to even search for them, it has asserted boilerplate objections that make no sense, and it has fully ignored FOIA's mandate to "open agency action to the light of public scrutiny."

## PARTIES

5.    Plaintiff The New York Times Company publishes *The New York Times* newspaper and www.nytimes.com. The Times is headquartered in this judicial district at 620 Eighth Avenue, New York, NY, 10018.

6.    Plaintiff Steve Eder is a journalist with The New York Times.

7.    Plaintiff Tawnell Hobbs is a journalist with The New York Times.

8.    Plaintiff Hannah Dreier is a journalist with The New York Times.

9.    Plaintiff Alex Walters is a journalist with The New York Times.

10.    Defendant, United States Immigration and Customs Enforcement, is an agency within the federal government that has possession and control of the records that Plaintiffs seek.

## JURISDICTION AND VENUE

11.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

12.    Venue is premised on Plaintiff The New York Times Company's place of business and is proper in this district under 5 U.S.C. § 552(a)(4)(B).

## LEGAL FRAMEWORK

13.    FOIA requires that agencies make a determination as to FOIA requests within 20 business days. 5 U.S.C. § 552(a)(6)(A)(i).

14.    "In order to make a 'determination' within the statutory time periods . . . the agency must at least indicate within the relevant time period the scope of the documents it will produce and the exemptions it will claim with respect to any withheld documents." *Citizens for Responsibility & Ethics in Wash. v. FEC*, 711 F.3d 180, 182-83 (D.C. Cir. 2013) (Kavanaugh, J.);

3

*see also* 5 U.S.C. § 552(a)(6)(A)(i)(I) (specifying that a determination must include "the reasons therefor").

15.    FOIA provides that a requester "shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with" the statutory deadlines. 5 U.S.C. § 552(a)(6)(C)(i).

16.    If an agency responds to a FOIA request by denying it, the requester has the right to administratively appeal that adverse outcome. *See id.* § 552(a)(6)(A)(i).

17.    If the agency denies the administrative appeal, the requestor has the right to file suit in district court. *See id.* § 552(a)(4)(B).

## FACTUAL BACKGROUND

18.    The Times regularly reports on the activities of ICE.

19.    In furtherance of this reporting, The Times submitted a series of FOIA requests for specific ICE forms and communications related to the treatment of children. The requests are described below and summarized in a chart attached hereto as an appendix.

### The Form 71-076 Request

20.    **The Form 71-076 Comprehensive Request**: Form 71-076 is the "Pre-Removal Parental Interests Election" form, which ICE is supposed to give to arrested or detained non-citizens who are parents of minor children. Among other things, the form asks whether the detained parents would prefer to be deported with or without their children.

21.    On June 23, 2026, The Times requested "copies of form 71-076, the Pre-Removal Parental Interests Election form, filed from Jan. 1, 2024 to the date this request is fulfilled." The Times made clear that "[i]f final copies of the form are not available or only maintained in individual A files," then ICE should "provide the most complete draft copies of the form."

4

22.    ICE assigned this request number 2026-ICFO-31323.

23.    To date, ICE has provided no response to this request.

24.    **The Form 71-076 Targeted Request:** In addition to submitting the "comprehensive" request, The Times also requested "copies of form 71-076, the Pre-Removal Parental Interests Election form, filed from Nov. 1 to Nov. 7, 2025, at the Dallas ICE Field Office." Again, it noted that "[i]f final copies of the form are not available or only maintained in individual A files," then ICE should provide the most complete draft copies of the form."

25.    ICE assigned this request number 2026-ICFO-31324.

26.    To date, ICE has provided no response to this request.

### The Form 71-078 and Form 71-080 Requests

27.    **The Form 71-078 Comprehensive Request:** Form 71-078 is the "Caregiver Designation at Arrest" form. When ICE arrests alleged non-citizens who care for minor children, it is supposed to complete this form to document the caregiving arrangements made for those children.

28.    On December 9, 2025, The Times requested copies of all 71-078 forms filed from January 1, 2024 through the date the request is fulfilled. The Times's request made clear that "if final copies of the form are not available or only maintained in individual A [alien] files," then ICE should provide the "most complete draft copies of the form."

29.    ICE assigned this request number 2026-ICFO-07976.

30.    ICE denied the request, writing:

> ERO does not maintain an electronic database, spreadsheet, or centralized electronic repository that tracks or stores completed drafts of Form 71 076 [sic]. Under the Freedom of Information Act, agencies are required to conduct a reasonable search for existing records that are reasonably described. FOIA does not require an agency to: create new records, indices, compilations, or databases

5

where none currently exist; or undertake an unbounded, labor intensive, file by file review across multiple offices and components to construct such a cross referenced dataset.

31.    **The Form 71-078 Targeted Request**: Anticipating that ICE might assert a burdensomeness objection, The Times also submitted, on December 9, 2025, a more targeted request for 71-078 forms. Specifically, it sought copies of the 71-078 forms filed from November 1, 2025 through November 7, 2025 in ICE's Dallas field office. As with the "comprehensive" request, this request made clear that it included "the most complete draft copies of the form." By limiting the request to a single week in a single field office, The Times sought avoid any possible claim of undue burden.

32.    ICE assigned this request number 2026-ICFO-07929.

33.    ICE denied the request. It repeated verbatim the language it used to deny the "comprehensive" request, *see supra* ¶ 30.

34.    **The Form 71-080 Comprehensive Request**: Form 71-080 is the form related to "Pre-Removal Review." It contains information meant to enable the relevant ICE Field Office Director to weigh the interests of the U.S. citizen children, legal guardianship status, and the practical impacts of removal against immigration enforcement priorities.

35.    On December 9, 2025, The Times requested copies of all 71-080 forms filed from January 1, 2024 through the date the request is fulfilled. The Times's request made clear that "if final copies of the form are not available or only maintained in individual A [alien] files," then ICE should provide the most complete draft copies of the form."

36.    ICE assigned this request number 2026-ICFO-07977.

37.    ICE denied the request, using the exact same language it used to deny the Form 71-078 Requests, *see supra* ¶¶ 30, 33.

6

38.    **The Form 71-080 Targeted Request:** Again anticipating that ICE might assert a burdensomeness objection, The Times also submitted, on December 9, 2025, a more targeted request for 71-080 forms. Specifically, it sought copies of the 71-080 forms filed from November 1, 2025 through November 7, 2025 in ICE's Dallas field office. As with the "comprehensive" request, this request made clear that it included "the most complete draft copies of the form." By limiting the request to a single week in a single field office, The Times sought avoid any possible claim of undue burden.

39.    ICE assigned this request number 2026-ICFO-07930.

40.    ICE denied the request. Again it repeated verbatim the language it used to deny the Form 71-078 Requests and to deny the "comprehensive" request, *see supra* ¶¶ 30, 33, 37.

41.    **Administrative Appeals of the Form 71-078 and Form 71-080 Requests:** On January 28, 2026, The Times submitted an administrative appeal of the denials of the Form 71-078 and Form 71-080 Requests. It asserted that the denials were non-responsive because they:

- Refer to Form 71-076, even though the requests sought Forms 71-078 and 71-080, *not* Form 71-076;

- Claim that ICE "does not maintain an electronic database" of the requested records, even though the requests sought individual forms, *not* an electronic database, spreadsheet, or other aggregated data.

- Assert, with respect to the targeted requests, that ICE is not obligated to conduct a "review across multiple offices and components," even though the targeted requests sought forms from only a single week in a single field office, *not* from "multiple offices and components."

7

42.     In addition, the administrative appeal asserted that ICE's boilerplate and non-responsive answers to The Times's requests indicate that ICE failed to conduct an adequate search – or, indeed, any search at all – for responsive records.

43.     The Times also explained that "undue burden" is not a proper basis for denial except in very rare circumstances. Here, the requests sought specific forms filed during a relatively short time period, and ICE made no meaningful effort to substantiate its claims of burden. Such claims are particularly weak with respect to the "targeted" requests, which sought only one week's worth of records from a single field office.

44.     ICE denied the administrative appeal in two separate letters dated February 26, 2026, one addressing the "comprehensive" requests and the other addressing the "targeted" requests.

45.     With respect to the "comprehensive" request for Forms 71-078 and 71-080, ICE simply reiterated its boilerplate claim of burden with no further explanation:

> Upon a complete review of the administrative record, the fact that ICE ERO does not track the forms requested electronically, and that a search for such forms would require an unduly burdensome search of individual A-files across multiple offices and components, which led to the determination on the FOIA requests, ICE affirms [its earlier] determination and the administrative closure of the cases.

46.     With respect to the "targeted" request for Forms 71-078 and 71-080, ICE provided the exact same response. That is, despite the "targeted" requests seeking only records compiled during one week at a single field office, ICE denied the administrative appeal because complying with the request "would require an unduly burdensome search of individual A-files across multiple offices and components." The denial makes plain that ICE made no effort to actually search for any of the requested records or to reasonably assess any supposed burden.

8

***The Parental Interest Requests***

47.    **The General Email Requests**: ICE maintains an email address, Parental.Interests@ice.dhs.gov which is used "to contact ICE headquarters about a parent or guardian with a case in the child welfare system." *See* Fact Sheet for Child Welfare & Guardianship Stakeholders, available at https://www.ice.gov/doclib/detention/parentalInterest/factsheetChildWelfareStakeholders.pdf. On July 23, 2025, The Times submitted a FOIA request, which it narrowed on July 29, 2025, for records pertaining to all emails received by or sent by Parental.Interests@ice.dhs.gov from January 1, 2025 to the present containing the following keywords: deport, deported, deportation, detain, detained, arrest and arrested ("General Email Request No. 1").

48.    ICE assigned this request number 2025-ICFO-50535.

49.    Also on July 23, 2025, The Times submitted an identical request, which it likewise narrowed on July 29, 2025, for records pertaining to all emails received or sent by that same email address, containing those same keywords, but for the period January 1, 2024 to December 31, 2024 ("General Email Request No. 2").

50.    ICE assigned this request number 2025-ICFO-50533.

51.    ICE has not responded substantively to either request. On November 25, 2025, it sent letters to The Times regarding both requests stating: "The search for responsive documents is complete and your request is currently in the queue to be processed. If responsive records have been located, they will be reviewed for a determination of releasability." ICE has not communicated with The Times about these requests since then, except that on January 10, 2026, after repeated inquiries by The Times, ICE reported that the requests were still "in the queue to be processed by an analyst."

9

52.    **The Specific Email Requests:** On June 25 and 26, 2026, The Times submitted FOIA requests to ICE for email correspondence to and from certain individuals who work with the Parental Interest Program. The first request ("Specific Email Request No. 1") sought emails, including any attachments, received by and sent from the following addresses from June 1, 2025, to the date the request is fulfilled: jessica.f.jones@ice.dhs.gov, dena.m.huff@ice.dhs.gov, and Kevin.L.Barrette@ice.dhs.gov, containing these keywords: (child* or juvenile* or minor or youth* or parent*) and (deport* or detain* or place* or protect* or remov* or reunif* or services or welfare). The second request ("Specific Email Request No. 2") sought emails, including any attachments, received by and sent from the following addresses from June 1, 2025, to the date the request is fulfilled: JFRMU@ice.dhs.gov, jrmufeildreports@ice.dhs.gov, and dawnisha.m.helland@ice.dhs.gov, containing these keywords: (child* or juvenile* or minor or youth* or parent*) and (parent* or family* or mother* or father* or remov* or reunif* or services or welfare).

53.    ICE assigned Specific Email Request No. 1 the tracking number 2026-ICFO-31652.

54.    It assigned Specific Email Request No. 2 the tracking number 2026-ICFO-31797.

55.    To date, The Times has received no response to these requests.

56.    **The Concerns/Complaints Request:** ICE maintains an "ERO [Office of Enforcement and Removal Operations] Contact Form," available at https://www.ice.gov/webform/ero-contact-form. On June 16, 2026, The Times submitted a FOIA request for copies of the form, from December 1, 2024 through the date of search, where the "Concern or Complaint Type" is "Parental Interests." It requested, "if possible," "all releasable fields . . . in a spreadsheet format."

57.    ICE assigned the request number 2026-ICFO-30696.

58.    To date, The Times has received no response to this request.

## CAUSES OF ACTION
### Count 1 - Violation of 5 U.S.C. § 552
### (The Form 71-076 Comprehensive Request)

59.    Plaintiffs repeat, reallege, and reincorporate the allegations in the foregoing paragraphs as though fully set forth herein.

60.    ICE is an agency subject to FOIA, and it must therefore conduct an adequate search using reasonable efforts to locate responsive records, release any disclosable records in its possession at the time of the request, and provide a lawful reason for withholding any other materials as to which it is claiming an exemption or other basis for withholding.

61.    ICE has failed to meet the statutory deadline for making a substantive determination in response to The Times's Form 71-076 Comprehensive Request.

62.    The Times has exhausted all available administrative remedies with respect to this request. 5 U.S.C. § 552(a)(6)(C)(i).

63.    ICE is permitted to withhold documents or parts of documents only if one of FOIA's enumerated exemptions apply.

64.    No exemptions permit the withholding of the records sought by this request, nor does any other valid basis for withholding the requested records exist.

65.    Plaintiffs are thus entitled to an order compelling ICE to produce records responsive to the Form 71-076 Comprehensive Request.

### Count 2 - Violation of 5 U.S.C. § 552
### (The Form 71-076 Targeted Request)

66.    Plaintiffs repeat, reallege, and reincorporate the allegations in the foregoing paragraphs as though fully set forth herein.

11

67.     ICE is an agency subject to FOIA, and it must therefore conduct an adequate search using reasonable efforts to locate responsive records, release any disclosable records in its possession at the time of the request, and provide a lawful reason for withholding any other materials as to which it is claiming an exemption or other basis for withholding.

68.     ICE has failed to meet the statutory deadline for making a substantive determination in response to The Times's Form 71-076 Targeted Request.

69.     The Times has exhausted all available administrative remedies with respect to this request. 5 U.S.C. § 552(a)(6)(C)(i).

70.     ICE is permitted to withhold documents or parts of documents only if one of FOIA's enumerated exemptions apply.

71.     No exemptions permit the withholding of the records sought by this request, nor does any other valid basis for withholding the requested records exist.

72.     Plaintiffs are thus entitled to an order compelling ICE to produce records responsive to the Form 71-076 Targeted Request.

### Count 3 – Violation of 5 U.S.C. § 552
### (The Form 71-078 Comprehensive Request)

73.     Plaintiffs repeat, reallege, and reincorporate the allegations in the foregoing paragraphs as though fully set forth herein.

74.     ICE is an agency subject to FOIA, and it must therefore conduct an adequate search using reasonable efforts to locate responsive records, release any disclosable records in its possession at the time of the request, and provide a lawful reason for withholding any other materials as to which it is claiming an exemption or other basis for withholding.

75.     The Times has exhausted all available administrative remedies with respect to the Form 71-078 Comprehensive Request.

12

76.     ICE has not conducted an adequate search for the requested records, has not produced the requested records, and has not provided any valid basis for withholding the requested records.

77.     No valid basis for withholding the requested records exists. Plaintiffs are thus entitled to an order compelling ICE to produce records responsive to the Comprehensive Form 71-078 Request.

*Count 4 – Violation of 5 U.S.C. § 552*
*(The Form 71-078 Targeted Request)*

78.     Plaintiffs repeat, reallege, and reincorporate the allegations in the foregoing paragraphs as though fully set forth herein.

79.     ICE is an agency subject to FOIA, and it must therefore conduct an adequate search using reasonable efforts to locate responsive records, release any disclosable records in its possession at the time of the request, and provide a lawful reason for withholding any other materials as to which it is claiming an exemption or other basis for withholding.

80.     The Times has exhausted all available administrative remedies with respect to the Form 71-078 Targeted Request.

81.     ICE has not conducted an adequate search for the requested records, has not produced the requested records, and has not provided any valid basis for withholding the requested records.

82.     No valid basis for withholding the requested records exists. Plaintiffs are thus entitled to an order compelling ICE to produce records responsive to the Targeted Form 71-078 Request.

## Count 5 – Violation of 5 U.S.C. § 552
### (The Form 71-080 Comprehensive Request)

83.     Plaintiffs repeat, reallege, and reincorporate the allegations in the foregoing paragraphs as though fully set forth herein.

84.     ICE is an agency subject to FOIA, and it must therefore conduct an adequate search using reasonable efforts to locate responsive records, release any disclosable records in its possession at the time of the request, and provide a lawful reason for withholding any other materials as to which it is claiming an exemption or other basis for withholding.

85.     The Times has exhausted all available administrative remedies with respect to the Form 71-080 Comprehensive Request.

86.     ICE has not conducted an adequate search for the requested records, has not produced the requested records, and has not provided any valid basis for withholding the requested records.

87.     No valid basis for withholding the requested records exists. Plaintiffs are thus entitled to an order compelling ICE to produce records responsive to the Comprehensive Form 71-080 Request.

## Count 6 – Violation of 5 U.S.C. § 552
### (The Form 71-080 Targeted Request)

88.     Plaintiffs repeat, reallege, and reincorporate the allegations in the foregoing paragraphs as though fully set forth herein.

89.     ICE is an agency subject to FOIA, and it must therefore conduct an adequate search using reasonable efforts to locate responsive records, release any disclosable records in its possession at the time of the request, and provide a lawful reason for withholding any other materials as to which it is claiming an exemption or other basis for withholding.

14

90.     The Times has exhausted all available administrative remedies with respect to the Form 71-080 Targeted Request.

91.     ICE has not conducted an adequate search for the requested records, has not produced the requested records, and has not provided any valid basis for withholding the requested records.

92.     No valid basis for withholding the requested records exists. Plaintiffs are thus entitled to an order compelling ICE to produce records responsive to the Targeted Form 71-080 Request.

### Count 7 – Violation of 5 U.S.C. § 552
### (General Email Request No. 1)

93.     Plaintiffs repeat, reallege, and reincorporate the allegations in the foregoing paragraphs as though fully set forth herein.

94.     ICE is an agency subject to FOIA, and it must therefore conduct an adequate search using reasonable efforts to locate responsive records, release any disclosable records in its possession at the time of the request, and provide a lawful reason for withholding any other materials as to which it is claiming an exemption or other basis for withholding.

95.     ICE has failed to meet the statutory deadline for making a substantive determination in response to The Times's General Email Request No. 1.

96.     The Times has exhausted all available administrative remedies with respect to this request. 5 U.S.C. § 552(a)(6)(C)(i).

97.     ICE is permitted to withhold documents or parts of documents only if one of FOIA's enumerated exemptions apply.

98.     No exemptions permit the withholding of the records sought by this request, nor does any other valid basis for withholding the requested records exist.

15

99.    Plaintiffs are thus entitled to an order compelling ICE to produce records responsive to General Email Request No. 1.

### *Count 8 – Violation of 5 U.S.C. § 552*
### *(General Email Request No. 2)*

100.    Plaintiffs repeat, reallege, and reincorporate the allegations in the foregoing paragraphs as though fully set forth herein.

101.    ICE is an agency subject to FOIA, and it must therefore conduct an adequate search using reasonable efforts to locate responsive records, release any disclosable records in its possession at the time of the request, and provide a lawful reason for withholding any other materials as to which it is claiming an exemption or other basis for withholding.

102.    ICE has failed to meet the statutory deadline for making a substantive determination in response to The Times's General Email Request No. 2.

103.    The Times has exhausted all available administrative remedies with respect to this request. 5 U.S.C. § 552(a)(6)(C)(i).

104.    ICE is permitted to withhold documents or parts of documents only if one of FOIA's enumerated exemptions apply.

105.    No exemptions permit the withholding of the records sought by this request, nor does any other valid basis for withholding the requested records exist.

106.    Plaintiffs are thus entitled to an order compelling ICE to produce records responsive to General Email Request No. 2.

### *Count 9 – Violation of 5 U.S.C. § 552*
### *(Specific Email Request No. 1)*

107.    Plaintiffs repeat, reallege, and reincorporate the allegations in the foregoing paragraphs as though fully set forth herein.

108.    ICE is an agency subject to FOIA, and it must therefore conduct an adequate search using reasonable efforts to locate responsive records, release any disclosable records in its possession at the time of the request, and provide a lawful reason for withholding any other materials as to which it is claiming an exemption or other basis for withholding.

109.    ICE has failed to meet the statutory deadline for making a substantive determination in response to The Times's Specific Email Request No. 1.

110.    The Times has exhausted all available administrative remedies with respect to this request. 5 U.S.C. § 552(a)(6)(C)(i).

111.    ICE is permitted to withhold documents or parts of documents only if one of FOIA's enumerated exemptions apply.

112.    No exemptions permit the withholding of the records sought by this request, nor does any other valid basis for withholding the requested records exist.

113.    Plaintiffs are thus entitled to an order compelling ICE to produce records responsive to Specific Email Request No. 1

### Count 10 – Violation of 5 U.S.C. § 552
### (Specific Email Request No. 2)

114.    Plaintiffs repeat, reallege, and reincorporate the allegations in the foregoing paragraphs as though fully set forth herein.

115.    ICE is an agency subject to FOIA, and it must therefore conduct an adequate search using reasonable efforts to locate responsive records, release any disclosable records in its possession at the time of the request, and provide a lawful reason for withholding any other materials as to which it is claiming an exemption or other basis for withholding.

116.    ICE has failed to meet the statutory deadline for making a substantive determination in response to The Times's Specific Email Request No. 2.

17

117.    The Times has exhausted all available administrative remedies with respect to this request. 5 U.S.C. § 552(a)(6)(C)(i).

118.    ICE is permitted to withhold documents or parts of documents only if one of FOIA's enumerated exemptions apply.

119.    No exemptions permit the withholding of the records sought by this request, nor does any other valid basis for withholding the requested records exist.

120.    Plaintiffs are thus entitled to an order compelling ICE to produce records responsive to Specific Email Request No. 2.

### Count 11 – Violation of 5 U.S.C. § 552
### (The Concerns/Complaints Request)

121.    Plaintiffs repeat, reallege, and reincorporate the allegations in the foregoing paragraphs as though fully set forth herein.

122.    ICE is an agency subject to FOIA, and it must therefore conduct an adequate search using reasonable efforts to locate responsive records, release any disclosable records in its possession at the time of the request, and provide a lawful reason for withholding any other materials as to which it is claiming an exemption or other basis for withholding.

123.    ICE has failed to meet the statutory deadline for making a substantive determination in response to The Times's Concerns/Complaints Request.

124.    The Times has exhausted all available administrative remedies with respect to this request. 5 U.S.C. § 552(a)(6)(C)(i).

125.    ICE is permitted to withhold documents or parts of documents only if one of FOIA's enumerated exemptions apply.

126.    No exemptions permit the withholding of the records sought by this request, nor does any other valid basis for withholding the requested records exist.

18

127.    Plaintiffs are thus entitled to an order compelling ICE to produce records responsive to the Concerns/Complaints Request.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1.    Declare that the records sought by the eleven requests, as described in the foregoing paragraphs, are public under 5 U.S.C. § 552 and must be disclosed;

2.    Order the ICE to undertake an adequate search for the requested records and to provide those records to Plaintiffs within 20 business days of the Court's order;

3.    Award Plaintiffs the costs of this proceeding, including reasonable attorneys' fees, as expressly permitted by FOIA, 5 U.S.C. § 552(a)(4)(E)(i); and

4.    Grant Plaintiffs such other relief as this Court deems just and proper.

Dated: New York, New York
      July 29, 2026

*/s/ David E. McCraw*
David E. McCraw
Legal Department
The New York Times Company
620 Eighth Avenue
New York, NY 10018
Phone: (212) 556-4031
Email: mccraw@nytimes.com

*Counsel for Plaintiff The New York Times Co.*

## APPENDIX: THE TIMES'S FOIA REQUESTS TO ICE

| | REQUEST | TRACKING NUMBER | ASSERTED BASIS FOR WITHHOLDING |
|---|---|---|---|
| 1 | **Form 71-076 Comprehensive Request:** Copies of Form 71-076 from January 1, 2024 to date of fulfillment. | 2026-ICFO-31323 | None |
| 2 | **Form 71-076 Targeted Request:** Copies of Form 71-076 from Nov. 1 to Nov. 7, 2025, filed at the Dallas ICE Field Office. | 2026-ICFO-31324 | None |
| 3 | **Form 71-078 Comprehensive Request:** Copies of Form 71-078 from January 1, 2024 to date of fulfillment. | 2026-ICFO-07976 | Undue burden |
| 4 | **Form 71-078 Targeted Request:** Copies of Form 71-078 from Nov. 1 to Nov. 7, 2025, filed at the Dallas ICE Field Office. | 2026-ICFO-07929 | Undue burden |
| 5 | **Form 71-080 Comprehensive Request:** Copies of Form 71-080 from January 1, 2024 to date of fulfillment. | 2026-ICFO-07977 | Undue burden |
| 6 | **Form 71-080 Targeted Request:** Copies of Form 71-080 from Nov. 1 to Nov. 7, 2025, filed at the Dallas ICE Field Office. | 2026-ICFO-07930 | Undue burden |
| 7 | **General Email Request No. 1:** emails received by or sent by Parental.Interests@ice.dhs.gov from January 1, 2025 to the present containing the following keywords: deport, deported, deportation, detain, detained, arrest and arrested. | 2025-ICFO-50535 | None |
| 8 | **General Email Request No. 2:** emails received by or sent by Parental.Interests@ice.dhs.gov from January 1, 2024 to December 31, 2024, containing the following keywords: deport, deported, deportation, detain, detained, arrest and arrested. | 2025-ICFO-50533 | None |
| 9 | **Specific Email Request No. 1:** Emails to/from the following: jessica.f.jones@ice.dhs.gov, dena.m.huff@ice.dhs.gov, Kevin.L.Barrette@ice.dhs.gov, from June 1, 2025, to the date the request is fulfilled, containing these keywords: (child* or juvenile* or minor or youth* or parent*) and (deport* or detain* or place* or protect* or remov* or reunif* or services or welfare). | 2026-ICFO-31642 | None |
| 10 | **Specific Email Request No. 2:** Emails to/from the following: JFRMU@ice.dhs.gov, jrmufeildreports@ice.dhs.gov, dawnisha.m.helland@ice.dhs.gov, containing these keywords: (child* or juvenile* or minor or youth* or parent*) and (parent* or family* or mother* or father* or remov* or reunif* or services or welfare). | 2026-ICFO 31797 | None |
| 11 | **Concerns/Complaints Request:** Copies of ERO Contact Form form, from December 1, 2024 through the date of search, where the "Concern or Complaint Type" is "Parental Interests." | 2026-ICFO-30696 | None |